I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 5/27/11

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR BIBIAN GIL,<br>　　　　Petitioner,<br>　　vs.<br>GREG LEWIS,<br>　　　　Respondent. | Case No. CV 11-4432-JHN (RNB)<br><br>ORDER TO SHOW CAUSE |

On May 23, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein. The Petition purports to state six grounds for relief.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24

---

[1] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

1

(9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, it appears from the face of the Petition that petitioner did not exhaust his state remedies with respect to part of his third ground for relief. That ground is directed to the admission at trial of prior recorded statements and the preliminary hearing testimony of a witness who had testified at trial that she was too ill to recall the events of four years prior. In addition to claiming that the admission of the witness's prior recorded statements and preliminary hearing testimony deprived petitioner of a fair trial, petitioner is alleging in Ground Three that the admission of this evidence "rose to the level of a Sixth Amendment Confrontation Clause violation under Crawford v. Washington. However, petitioner made no such Confrontation Clause claim in his Petition for Review to the California Supreme Court.[2]

Accordingly, petitioner's inclusion of a Confrontation Clause claim in Ground Three renders the Petition a "mixed petition" containing both exhausted and unexhausted claims. If it were clear here that petitioner's unexhausted claim was

---

[2] Among the exhibits attached to the Petition was a copy of petitioner's Petition for Review to the California Supreme Court, which it appears from the face of the Petition was his sole California Supreme Court filing.

2

procedurally barred under state law, then the exhaustion requirement would be satisfied. See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996); Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court would hold that petitioner's unexhausted claim is procedurally barred under state law, if petitioner were to raise it in a habeas petition to the California Supreme Court (which being an original proceeding is not subject to the same timeliness requirement as a Petition for Review of a Court of Appeal decision). See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either statutory "exception" to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court. See 28 U.S.C. § 2254(b)(1)(B).

Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose, 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731, 115 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); Castille, 489 U.S. at 349. However, more recently, the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) (holding "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court"). Under Rhines, 544 U.S. at 277-78, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are: (a) that the

petitioner show good cause for his failure to exhaust his claims first in state court; (b) that the unexhausted claims not be "plainly meritless"; and (c) that petitioner not have engaged in "abusive litigation tactics or intentional delay." Here, petitioner has not sought to stay his Petition while he exhausts his state remedies with respect to his unexhausted claim. Moreover, it does not appear to the Court that petitioner could make the requisite showing of good cause with respect to his unexhausted Confrontation Clause claim. The Court also is dubious that petitioner could make the requisite showing that his Confrontation Clause claim is not "plainly meritless" under the reasoning of the Ninth Circuit in <u>Beltran v. Runnels</u>, 409 Fed. Appx. 997, 997 (9th Cir. 2011) (now citable for its persuasive value per Ninth Circuit Rule 36-3). <u>See also</u> <u>Heang v. Horel</u>, 2009 WL 2356260, *9 (N.D. Cal. July 29, 2009).

IT THEREFORE IS ORDERED that, on or before June 27, 2011, petitioner either file a stay-and-abeyance application (if he believes he can make the requisite showings) or show cause in writing, if any he has, why the Court should not recommend that this action be dismissed without prejudice for failure to exhaust state remedies unless petitioner withdraws his unexhausted claim.

DATED: <u>May 26, 2011</u>

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE